THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

Overruled by............

*H- 1042*

August 1, 1969

Honorable James E. Barlow
District Attorney
Bexar County Courthouse
San Antonio, Texas 78204

Opinion No. M-441

Re: May the Commissioners
Court pay the premium
for the errors and
omissions insurance
required by H.B. No.
1134, Acts 61st Leg.,
1969, R.S., ch. 561,
p. 1711?

Dear Mr. Barlow:

You have requested the opinion of this office upon the above captioned matter.

House Bill No. 1134, Acts 61st Legislature, 1969, Regular Session, chapter 561, page 1711, amends Article 1937, Vernon's Civil Statutes. Sections 4 and 5 of House Bill 1134 read as follows:

"Sec. 4. Each county clerk shall obtain an errors and omissions insurance policy, covering the county clerk and the deputy or deputies of the county clerk against liabilities incurred through errors and omissions in the performance of the official duties of said county clerk and the deputy or deputies of said county clerk; with the amount of the policy being in an amount equal to a maximum amount of fees collected in any year during the previous term of office immediately preceding the term of office for which said insurance policy is to be obtained, but in no event shall the amount of the policy be for less than Ten Thousand Dollars ($10,000).

"Sec. 5. The premiums for the bonds and the errors and omissions policies required by this Act to be given, or to be obtained, by the county clerk of each county shall be paid by the Commissioners Court of the county out of the general fund of the county as additional compensation for the services of the county clerk and

- 2188 -

which additional compensation shall be cumulative
of and /sic7 to all other compensation presently
or hereafter authorized for said county clerk."

Any extended discussion of the legal authorities
pertaining to the authority of the Commissioners Court to pay
the premiums for the errors and omissions insurance in con-
formity with the above quoted provisions is pretermitted by
prior holdings of this office in Attorney General's Opinions
C-506 (1965) and C-607 (1966). In those opinions, this office
had under consideration the validity of Section 4 of House
Bill No. 125, Acts 59th Legislature, 1965, Regular Session,
chapter 456, page 941, which also amended Article 1937, Ver-
non's Civil Statutes. That Section reads as follows:

"Each county clerk shall obtain an errors
and omissions insurance policy, if the same be
available, covering the county clerk and the
deputy or deputies of the county clerk against
liabilities incurred through errors and omissions
in the performance of the official duties of said
county clerk and the deputy or deputies of said
county clerk; with the amount of the policy being
in an amount equal to a maximum amount of fees
collected in any year during the previous term of
office immediately preceding the term of office
for which said insurance policy is to be obtained,
but in no event shall the amount of the policy be
for less than Ten Thousand Dollars ($10,000).
The premiums for said insurance shall be paid out
of the funds of the county by the Commissioners
Court of said county."

In Opinion C-506 this office held that Section 4 of
Article 1937 as amended by House Bill No. 125 contravened the
prohibition of Sections 51 and 52 of Article III of the Consti-
tution of Texas. This holding was predicated upon the principle
that counties are not responsible for the misfeasance or wrong-
doing of its officers and agents, and the use of public moneys
to insure against losses for which the county is not responsible
would be a grant of public money within the meaning of the above
mentioned sections of our Constitution. This adhered to the
same principles in holding in Opinion C-607 that the county
could not pay the short term cancellation premium on an in-
surance policy which had been obtained by a county clerk prior
to our having held Section 4 of Article 1937 unconstitutional.
The present statute is subject to the same constitutional

infirmities pointed out and made the basis of the holding in the two prior opinions above cited.

Although Section 5 of House Bill 1134 recites that the payment of the premium for the errors and omissions insurance shall be considered as additional compensation to the county clerk, we are nonetheless convinced that such use of public funds falls squarely within the prohibition of Sections 51 and 52 of Article III of the Constitution of Texas. This recitation does not alter the fact that public moneys are being used to accomplish an unauthorized purpose; that is, to discharge a liability that is not the responsibility of the county. Those purposes which the Legislature is prohibited from accomplishing directly may not be accomplished indirectly.

Therefore, upon the basis of Attorney General's Opinions C-506 (1965) and C-607 (1966), you are hereby advised that the Commissioners Court cannot pay the premium for the errors and omissions insurance provided by House Bill No. 1134, Acts 61st Legislature, 1969, Regular Session, chapter 561, page 1711.

## S U M M A R Y

Section 5 of H.B. 1134, Acts 61st Leg., 1969, R.S., ch. 561, p. 1711, is unconstitutional insofar as it authorizes the Commissioners Court to expend public money for payment of premiums to insure the public against the errors and omissions of the county clerk and his deputies. Attorney General's Opinions C-506 (1965) and C-607 (1966).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hon. James E. Barlow, page 4 (M-441)


Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bill Allen
Malcolm Quick
John Banks
Z. T. Fortescue

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant